IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM D. HAMBY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:20-cv-00326 ) |
| TONY PARKER, et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) filed by Plaintiff William D. Hamby, Jr., an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee. Unfortunately, Plaintiff has not paid the required filing fee, nor has he submitted an application to proceed in forma pauperis (IFP). One or the other is required in order for the Court to process the complaint.

However, in no event is a prisoner allowed to file a civil action IFP in this court if he has, on three or more prior occasions, brought an action in a court of the United States that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has previously filed at least four actions in this Court which were dismissed for failure to state a claim. *See Hamby v. Lingle*, No. 3:12-cv-0942 (M.D. Tenn. Sept. 18, 2012); *Hamby v. Johnson*, No. 3:12-cv-1303 (M.D. Tenn. Jan. 10, 2013); *Hamby v. Johnson*, No. 3:13-cv-0096 (M.D. Tenn. Apr. 10, 2013); *Hamby v. Thomas*, No. 3:13-cv-0127 (M.D. Tenn. Feb. 19,

2013). In light of these prior dismissals, Plaintiff is a "three-striker" who may only proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, a plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted).

Plaintiff does not allege that he is in imminent danger. He claims retaliation by Tennessee Department of Correction (TDOC) Commissioner Tony Parker, and by Defendants Amanda Simms, Dr. Emily Olrold, and Brittany Hill, who allegedly refuse to transfer Plaintiff or to assist him in petitioning for transfer to a different prison. (Doc. No. 1 at 2.) Plaintiff alleges that he needs to be transferred because Defendants' practice of allowing maximum and close custody inmates to occupy the same pod—which led to Plaintiff being assaulted on two occasions (once in 2017 and once in 2019) by maximum custody inmates and to threats against him currently—is against TDOC and Corizon Corporation policy and is in retaliation for his prosecution of cases against them. (*Id.* at 2–4.) He claims that, as "a documented close custody level 3 SLU mental inmate," he is required by policy to be housed "at a prison that houses close and medium S.L.U.'s only" and allows inmates to be out of their cells eight hours per day for recreational and group therapy. (*Id.* at 4.)

The Court cannot reasonably infer from the complaint's allegations that Plaintiff is in imminent danger of serious physical injury. Thus, Section 1915(g) precludes the granting of pauper status in this case. The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of § 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Accordingly, within **28 days** of the entry of this Order, Plaintiff **SHALL** remit the full filing fee of four hundred dollars ($400.00) to the Clerk of Court. Plaintiff is cautioned that, should he fail to comply with this Order within the time specified, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE